**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3814-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PERSIO LORA, a/k/a JOHN
JOHNSON, and JOHNNY
LORA,

    Defendant-Appellant.

_____

Submitted January 12, 2021 – Decided March 26, 2021

Before Judges Fisher and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 00-06-1337.

Joseph E. Krakora, Public Defender, attorney for appellant (Phuong V. Dao, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (Jaimee M. Chasmer, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

On February 7, 2001, a jury found defendant Persio Lora guilty of two counts of third-degree burglary, N.J.S.A. 2C:18-2, and one count of third-degree theft, N.J.S.A. 2C:20-3, in connection with a break-in at a garage on September 7, 1999, the details of which are capsuled in our decision affirming his convictions on direct appeal. State v. Lora, No. A-5978-10 (App. Div. Oct. 9, 2013). He fled prior to his original 2001 sentencing date, and was not sentenced until March 4, 2011.[1] He appeals the denial of his postconviction relief (PCR) petition, filed on March 12, 2018, arguing:

> POINT I
>
> IN THE INTEREST OF JUSTICE, [DEFENDANT'S] PCR CLAIM IS NOT TIME BARRED.
>
> POINT II
>
> DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
>
> > (a) Trial counsel was ineffective by not calling Defendant as a witness at trial.
> >
> > (b) Trial counsel failed to object to [Albert] Sealy's and [O]fficer Torell's testimonies.

---

[1] The original judgment of conviction is dated March 11, 2011; an amended judgment reflecting additional jail credits is dated January 20, 2012.

A-3814-18

POINT III

THE PCR [JUDGE'S] CUMULATIVE ERRORS DENIED DEFENDANT THE RELIEF TO WHICH HE WAS ENTITLED.

Reviewing the factual inferences drawn by the PCR judge, Judge Robert M. Vinci, and his legal conclusions de novo because he did not conduct an evidentiary hearing, State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016), and considering "the facts in the light most favorable to [the] defendant," State v. Preciose, 129 N.J. 451, 462-63 (1992), we affirm substantially for the reasons set forth in Judge Vinci's oral opinion, chiefly because defendant's petition was time barred. It was not filed within five years of "the date of entry[,] pursuant to Rule 3:21-5[,] of the judgment of conviction that is being challenged." R. 3:22-12(a)(1).

A tardy petition may be considered if the petition shows excusable neglect for the late filing and that a fundamental injustice will result if defendant's claims are not considered on their merits. State v. Brewster, 429 N.J. Super. 387, 400 (App. Div. 2013); R. 3:22-12(a)(1)(A). "Absent compelling, extenuating circumstances, the burden to justify filing a petition after the five-year period will increase with the extent of the delay." State v. Afanador, 151 N.J. 41, 52 (1997). "[A] court should relax Rule 3:22-12's bar only under

exceptional circumstances. The court should consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits." State v. Mitchell, 126 N.J. 565, 580 (1992).

As Judge Vinci concluded, defendant failed to meet that burden by arguing he was unable to file a punctual petition because he was: 1) detained by immigration authorities until 2013; 2) thereafter occupied as the sole breadwinner for his family, caring for his mentally-ill child and fighting deportation; 3) unable to afford private counsel and was not timely informed that the Office of the Public Defender (OPD) could represent him.

Judge Vinci rejected defendant's first argument, observing defendant offered no "legitimate reason why he couldn't file his PCR [petition] during the three years between his release [from immigration detention] in 2013" and the March 2016 Rule 3:22-12 deadline. We agree, and add defendant failed to show why he did not file while in custody; his trial counsel's alleged ineffectiveness—as meagerly set forth in his pro se petition—was known to him and, as filed, required no extrinsic materials.

Likewise, defendant's second grouping of reasons does not amount to excusable neglect. As the State argues in its merits brief, quoting State v.

Norman, 405 N.J. Super. 149, 159 (App. Div. 2009), "[t]o meet his burden, defendant must do 'more than simply provid[e] a plausible explanation for [his] failure to file a timely PCR petition.'" The facts a defendant alleges supports his claim of excusable neglect must be set forth in the PCR petition. Mitchell, 126 N.J. at 576-77. Defendant's petition does not detail why his job, family care and deportation defense prevented him from filing a petition before the deadline. He fails to provide even a plausible explanation.

Defendant's third reason is equally unavailing. Not only was he represented by the OPD on direct appeal, signaling his awareness of the Public Defender's availability to represent him, he filed his PCR petition pro se. Defendant has not shown exceptional circumstances to warrant relief from the time bar.

We also agree with Judge Vinci's assessment, in determining defendant would not face an injustice if his petition was procedurally barred, that the

> extraordinary delay . . . between the incident . . . in 1999 and [the day of the PCR hearing] was almost solely as a result of . . . defendant's decision to flee the jurisdiction for ten years, and granting the petition would result in the State needing to try this case [twenty] years after the fact

would cause great prejudice to the State. Not only would the passage of time impact the State's case that relied on the testimony of police officers, but Sealy,

the cooperating co-perpetrator who testified against defendant, has completed the probationary sentence imposed for his plea to charges that arose from the same incident. Obviously if it were required to reconstruct this matter for trial, the State would be prejudiced by defendant's significant filing delay. Our Supreme Court recognized:

> [a]s time passes after conviction, the difficulties associated with a fair and accurate reassessment of the critical events multiply. Achieving "justice" years after the fact may be more an illusory temptation than a plausibly attainable goal when memories have dimmed, witnesses have died or disappeared, and evidence is lost or unattainable . . . . Moreover, the [time-bar] Rule serves to respect the need for achieving finality of judgments and to allay the uncertainty associated with an unlimited possibility of relitigation. The Rule therefore strongly encourages those believing they have grounds for post-conviction relief to bring their claims swiftly, and discourages them from sitting on their rights until it is too late for a court to render justice.
>
> [Mitchell, 126 N.J. at 575-76.]

Judge Vinci analyzed each of defendant's three allegations of his trial counsel's ineffectiveness: the failure to call defendant as a witness and the failure to object to the admission of testimony from Sealy and Officer Torell. We see no reason to disturb his conclusions rejecting those arguments, particularly that defendant failed to meet the second prong of the test set forth in Strickland v. Washington, 466 U.S. 668 (1984) by showing the alleged errors

6

would have impacted the outcome of a trial.[2]  There is insufficient importance to defendant's claims to conclude "there has been an 'injustice' sufficient to relax the time limits."  Mitchell, 126 N.J. at 580.

To the extent not addressed, we determine the balance of defendant's arguments, including that cumulative errors by the judge denied him the relief to which he was entitled, to be without sufficient merit to warrant further discussion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2]  To establish a PCR claim of ineffective assistance of counsel, a defendant must satisfy the two-prong test formulated in Strickland, 466 U.S. at 687, and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), first by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," then by proving he suffered prejudice due to counsel's deficient performance, Strickland, 466 U.S. at 687; see also Fritz, 105 N.J. at 52.  Defendant must show by a "reasonable probability" that the deficient performance affected the outcome.  Fritz, 105 N.J. at 58.

A-3814-18